IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KIM JAMES GIBSON, #333519        *
               Petitioner

     v.                      * CIVIL ACTION NO. RDB-06-2000

JACK J. CRAIGWAY, et al.        *
               Respondents.
                     ***

## MEMORANDUM OPINION

The above-captioned 28 U.S.C. § 2254 Petition for habeas corpus relief was received for filing on August 2, 2006.   The action raises a direct attack on Petitioner's 2006 convictions in the District Court of Talbot County, Maryland.

According to the filing, in February of 2006, a judge found Petitioner guilty of drug charges and sentenced him to a two-year term.  Petitioner apparently appealed the conviction to the Circuit Court of Talbot County where a trial was set in for July 17, 2006.[1]    Petitioner further alleges that he filed a petition for post-conviction relief to the Circuit Court of Talbot County on or about June 21, 2006.

Affording the *pro se* Petition a generous construction, the following grounds are raised: (1) trial judge error in denying the motion for acquittal; (2) withholding of exculpatory evidence; (3) improper release of confidential informant information; and (4) ineffective assistance of counsel.

Before a petitioner seeks § 2254  federal habeas corpus relief, he must exhaust each and every claim presented to the federal court by first pursuing remedies available in the state court. *See Leonard v. Hammond*, 806 F.2d 838, 840 (4th Cir. 1986).  This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See*

---

[1]    Petitioner seemingly claims that he withdrew the "de novo appeal," but indicates that the matter remains "pending." (Paper No. 1 at 2 & 3).

*O'Sullivan v. Boerckel*, 526 U. S. 838 (1999); 28 U.S.C. §§ 2254(b) & (c).  In Maryland, this may

be accomplished by raising certain claims on direct appeal and by way of post-conviction

proceedings.  *See Matthews v. Evatt*, 105 F.3d 907, 911 (4ᵗʰ Cir. 1997); *Spencer v. Murray*, 18 F.3d

237, 239 (4ᵗʰ Cir. 1994).  This exhaustion requirement is not a jurisdictional prerequisite to federal

habeas corpus relief but rather a matter of comity.  *See Granberry v. Greer*, 481 U.S. 129, 134-35

(1987).  It affords the state courts the first opportunity to review federal constitutional challenges

to state convictions and preserves their role in protecting federally guaranteed rights.

According to the Petition, a number of the grounds raised here are pending before the

Maryland courts.  The grounds have not been fully exhausted at the state court level.  Therefore, the

Court finds that the matter is not subject to review at this time.  *See Rose v. Lundy*, 455 U.S. 509,

521-22 (1982).

For the aforementioned reasons, the Court shall dismiss the case without prejudice for the

failure to exhaust state court remedies.[2]   A separate Order follows.


Date: <u>August 10, 2006</u>                    /s/ _____
                                                RICHARD D. BENNETT
                                                UNITED STATES DISTRICT JUDGE

---

[2]     Petitioner is cautioned that his filing of a federal habeas corpus petition is subject to the one-year statute of limitations found under 28 U.S.C. § 2244(d).  Section 2244(d)(1) provides that the limitation period shall run from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.  Section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.